**DARREN J. WELSH, ESQ.**
Nevada Bar No. 004791
985 White Drive, Suite 200
Las Vegas, Nevada 89119
(702) 733-9310 phone
(702) 862-4576 fax
Email: darrenw@americanagrp.com
Attorney for Defendants Americana LLC
 d/b/a Prudential, Americana Group, REALTORS®

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * *

| | |
|---|---|
| TJL GROUP, LLC dba THE TOM LOVE GROUP, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICANA LLC dba AMERICANA GROUP; DOES I through 10; DOE CORPORATIONS I through V, <br><br> Defendants. | CASE NO.: <br><br> **DEFENDANT AMERICANA LLC'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

TO:   THE ABOVE-ENTITLED COURT:

**COMES NOW**, Defendant Americana LLC d/b/a Prudential, Americana Group, REALTORS® (improperly named in the caption as Americana LLC dba Americana Group) ("Defendant Americana LLC"), by and through its counsel of record, Darren J. Welsh, Esq., and hereby gives notice to Plaintiff TJL Group, LLC dba The Tom Love Group ("Plaintiff Love"); Plaintiff's counsel Kurt R. Bonds, Esq. of Alverson, Taylor, Mortensen & Sanders; and the Court of the removal of the above-entitled civil action from the Eighth Judicial District Court of

1

Clark County, Nevada, Case. No. A-13-685198-C, entitled <u>TJL Group LLC v Americana LLC</u>, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

This removal is based upon federal question jurisdiction and is timely. In support of this Notice of Removal, Defendant Americana LLC states to the Court as follows:

**A.   STATE COURT ACTION**

1. On July 16, 2013, Plaintiff Love filed its civil action in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-13-685198-C, entitled <u>TJL Group, LLC vs. Americana LLC</u>. (*See* Exhibit 1: Complaint and Initial Appearance Fee Disclosure)

2. Defendant Americana LLC was served with a copy of the Summons and Complaint on July 19, 2013. (*See* Exhibit 2: Affidavit of Service)

**B.   NATURE OF ACTION**

Upon information and belief, Plaintiff Love is a Nevada limited liability company, conducting business as a licensed real estate brokerage in the State of Nevada. Defendant Americana LLC is a duly licensed Nevada limited liability company conducting business as a duly licensed real estate brokerage in the State of Nevada. Plaintiff Love's Complaint alleges that Defendant Americana LLC is directing its sales agents to refrain from showing their clients properties listed by Plaintiff, in violation of anti-trust laws. The causes of action alleged by Plaintiff Love against Defendant Americana LLC in Plaintiff Love's complaint are: First Cause of Action (Contract, Combination or Conspiracy in Restraint of Trade, Sherman Act Section I, 15 U.S.C. §1); Second Cause of Action (Monopolization, Attempted Monopolization and Conspiracy to Monopolize, Sherman Act, Section 2, 15 U.S.C. §2); Third Cause of Action (Contract, Combination, and Conspiracy in Restraint of Trade NEV.REV.STAT. §§598A.060 and 598A.210); and Fourth Cause of Action (Intentional Interference with Prospective

Economic Advantage). Plaintiff Love is seeking the Court to grant judgment against Defendant Americana LLC as to all causes of action; for an injunction to enjoin and restrain Defendant Americana LLC from engaging in any of the alleged illegal conduct identified in its Complaint; for an award of treble damages, pursuant to NEV.REV.STAT. §§598A.060, 598A.210, in an amount to be determined at trial; for compensation for alleged damage to business interests; for punitive damages; for reasonable attorney's fees and costs; and for such other and further relief as deemed proper by the Court.

C.   **REMOVAL OF STATE COURT ACTION**

    1.   This action is removable from State Court to United States District Court, pursuant to 28 U.S.C. § 1441(a), which states in relevant part:

> . . .any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . to the district court of the United States for the district and division embracing the place where such action is pending.

    2.   This action is removable from State Court to United States District Court, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) (*See* ¶ D, below).

    3.   Venue is proper in the United States District Court, District of Nevada and this notice is timely filed. (*See* ¶ E, below)

D.   **FEDERAL QUESTION JURISDICTION**

Plaintiff Love alleges a violation of the Sherman Act Section I, 15 U.S.C. §1 and Section 2, 15 U.S.C. §2. Anti-trust is a subject-matter limited by federal law, for which recovery can be had only in the federal courts. *Blumenstock Bros. Advertising Ag'y v. Curtis Publishing Co.*, 1920, 252 U.S. 436, 40 S.Ct. 385, 64 L.Ed. 649. *See also Gen'l Investment Co. v. Lake Shore & Michigan Southern Ry. Co.*, 43 S.Ct. 106 where similar to these facts a suit was brought in the a

state court with the purpose of enjoining a violation of the Sherman Anti-Trust Act. The state court in *Gen'l Investment Co.*, just like the Eighth Judicial District Court of the State of Nevada, could not entertain Sherman Anti-Trust Act violations. *Gen'l Investment Co.* was properly removed to Federal Court.

Therefore, for the purposes of 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action and removal is proper.

E.   **VENUE**

As alleged in Plaintiff Love's Complaint, the conduct at issue relates to Plaintiff Love's real estate conduct occurring in the State of Nevada, County of Clark. Plaintiff Love's Complaint cites that Plaintiff Love is and was at all relevant times a Nevada Limited Liability Company, authorized to conduct business in the State of Nevada, County of Clark. At all times relevant to this action, Defendant Americana LLC is and was a Nevada limited liability company, authorized to conduct business in the State of Nevada, County of Clark. Accordingly, the United States District Court, District of Nevada is the judicial district embracing the place where the State Court case was brought, is now pending, and the proper district court to which this case should be removed. (*See* U.S. §§ 89(b), 1441(a) and 1446(a). Further, the Southern District is the proper division within the District of Nevada to which this case should be removed, as Plaintiff Love alleges the alleged conduct took place in Clark County, Nevada, and brought its lawsuit in the Eighth Judicial District Court, Clark County, Nevada. (*See* U.S.C. §§ 1441(a),(e) and 1446(a): LR 1A 6-1.)

F.   **TIMELINESS OF NOTICE OF REMOVAL**

Plaintiff Love filed his Complaint in Eighth Judicial District Court, Clark County, Nevada, Case No. A-13-685198-C, entitled *TJL Group, LLC v Americana LLC,* on July 16,

2013. Not more than one year has elapsed since the filing of Plaintiff Love's Complaint and the date of filing of this Notice of Removal.

G.   **STATE COURT PLEADINGS**

Pursuant to U.S.C. § 1446(a), Defendant Americana LLC is simultaneously filing, with this Notice, copies of all pleadings, orders, service of process on file in the State Court in this removed action.

**BASED UPON THE ABOVE AND FOREGOING**, Defendant Americana LLC respectfully requests that this Honorable Court assume full jurisdiction over the cause herein as provided by law and that all further proceedings in the Eighth Judicial District Court, Clark County, Nevada be stayed unless and until this matter is remanded.

**DATED** this 8th day of August, 2013.

Respectfully Submitted:

**DARREN J. WELSH, ESQ.**

/s/ Darren J. Welsh, Esq.
Nevada Bar No. 004791
985 White Drive, Suite 200
Las Vegas, Nevada 89119
(702) 733-9310 phone
(702) 862-4576 fax
Email: darrenw@americanagrp.com
Attorney for Americana LLC dba
   Prudential, Americana Group, REALTORS®

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I caused to be served a true and correct copy of the above and foregoing <u>Defendant Americana LLC's Notice to Federal Court of Removal of Civil Action From State Court</u> on the parties listed below, via the following means:

__x__    **VIA U.S. MAIL SERVICE**, by placing a true and correct copy thereof, in a sealed envelope with first class prepaid postage fully affixed in the U.S. Mail Service in Las Vegas, Nevada. I am familiar with the firm's practice of collection and processing correspondence by mail service. Under that practice, the mail is deposited with the U.S. Mail Service in Las Vegas, Nevada in the ordinary course of business on that day with first class prepaid postage fully affixed, addressed to the following parties of interest:

Kurt R. Bonds, Esq.
Sean Forbush, Esq.
**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
7401 W. Charleston Blvd.
Las Vegas, Nevada 89117
Attorneys for Plaintiff TJL Group, LLC d/b/a
   The Tom Love Group

DATED this _8_ day of August, 2013.

_Linda D'Agostino_
Linda D'Agostino, Certified Paralegal
under the direction of Darren J. Welsh, Esq.

**EXHIBIT 1**

Electronically Filed
07/16/2013 02:03:14 PM

*[signature]*
**CLERK OF THE COURT**

1 ALVERSON, TAYLOR,
  MORTENSEN & SANDERS
2 KURT R. BONDS, ESQ.
3 Nevada Bar #6228
  SEAN FORBUSH, ESQ.
4 Nevada Bar #12741
  7401 W. Charleston Boulevard
5 Las Vegas, NV 89117
6 (702) 384-7000
  efile@alversontaylor.com
7 Attorneys for Plaintiffs

8            DISTRICT COURT
             CLARK COUNTY, NEVADA
9                  -*-

10 TJL GROUP, LLC dba          ) Case No.: A-13-685198-C
11 THE TOM LOVE GROUP          )
                               ) Dept No.: XXX
12       Plaintiffs,           )
                               )
13                             )
   vs.                         )
14                             )
   AMERICANA, L.L.C. dba       )
15 AMERICANA GROUP             )
   DOES I through 10, DOE      )
16 CORPORATIONS I through V,   )
17                             )
         Defendants.           )
18 _____)

19        **INITIAL APPEARANCE FEE DISCLOSURE**
20              **(N.R.S. CHAPTER 19)**

21        Date of Hearing: N/A
          Time of Hearing: N/A
22

23   Pursuant to N.R.S. Chapter 19, as amended by Senate Bill 106, filing fees are

24 submitted to parties appearing in the above entitled action as indicated below:

25   TJL GROUP, LLC                                              $270.00

26
27
   / / /
28

                                1                              KB/20599

| | |
|---|---|
| **TOTAL REMITTED:** | **$270.00** |

DATED this 16th day of July, 2013.

ALVERSON, TAYLOR,
MORTENSEN, & SANDERS

_/s/ Kurt R. Bonds_
KURT R. BONDS, ESQ.
Nevada Bar #6228
SEAN FORBUSH, ESQ.
Nevada Bar #12741
7401 W. Charleston Blvd.
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
Attorneys for Plaintiffs

N:\kurt.grp\CLIENTS\20500\20599\Pleading\IAFD.doc

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

2

KB/20599

Electronically Filed
07/16/2013 09:58:17 AM

CLERK OF THE COURT

ALVERSON, TAYLOR,
MORTENSEN & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
SEAN FORBUSH, ESQ.
Nevada Bar #12741
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
Attorneys for Plaintiffs

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| TJL GROUP, LLC dba<br>THE TOM LOVE GROUP<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICANA, L.L.C. dba<br>AMERICANA GROUP<br>DOES I through 10, DOE<br>CORPORATIONS I through V,<br><br>Defendants. | Case No. A-13-685198-C<br><br>Dept No.: XXX |

## COMPLAINT

COMES NOW Plaintiff, TJL GROUP, LLC dba THE TOM LOVE GROUP (hereinafter "Tom Love Group"), by and through its attorneys of record, ALVERSON, TAYLOR, MORTENSEN & SANDERS, and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and was at all times relevant herein, a Nevada Limited-Liability Company, authorized to conduct business in the state of Nevada, County of Clark.

1

KB/20599

2. Upon information and belief, Defendant AMERICANA, L.L.C. dba AMERICANA GROUP (hereinafter "Americana Group") is, and was at all times relevant herein, a Nevada Limited-Liability Company authorized to conduct business in the state of Nevada, County of Clark.

3. Defendants, DOES I through 10 and DOE CORPORATIONS I through V, inclusive, are individuals, associations, corporations, partnerships, or other entities which are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names and Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff believes that each Defendant named as a DOE BUSINESS ENTITY, respectfully, is negligent or responsible in some manner for the events herein referred to and caused damages proximately thereby to Plaintiff as alleged herein.

## FACTUAL ALLEGATIONS

4. Americana Group is one of the largest real estate companies in Las Vegas with approximately 2,000 sales executives between Las Vegas and Arizona.

5. Upon information and belief, Americana Group is an independently owned and operated member of Prudential Real Estate Affiliates and is the 8th largest in the company's national network of 677 franchises.

6. Americana Group was founded in 1979 and has sold more than $60 billion in Las Vegas real estate since that time.

7. Americana Group maintains brokerage operations throughout Nevada and Arizona.

8. Tom Love Group specializes in selling real estate throughout the state of Nevada.

9. On many prior occasions, Americana Group and Tom Love Group have worked on real estate closings wherein Americana Group served as the buyer's agent and Tom Love Group served as the seller's agent.

KB/20599

10. Americana Group recently had a dispute with Tom Love Group and does not agree with Tom Love Group's standard Co-Op brokerage fee for the seller of Tom Love Group listings, despite the fact that the Co-Op fees are legal and customary.

11. As a result of the recent dispute, Tom Love Group has learned that Americana Group is directing its sales agents to refrain from showing their clients properties listed by Tom Love Group, in violation of anti-trust laws.

12. An Americana Group agent recently informed a Tom Love Group agent that Americana Group has directed its agents to avoid showing properties that are listed by Tom Love Group due to the current dispute and the Co-Op fees in violation of anti-trust laws.

## FIRST CAUSE OF ACTION

**(Contract, Combination or Conspiracy in Restraint of Trade, Sherman Act Section 1, 15 U.S.C. §1)**

13. Tom Love Group repeats and realleges the preceding paragraphs as if set forth herein.

14. Americana Group entered into a contract, conspiracy, and/or combination to restrain trade, and has taken affirmative acts in furtherance of its contract, conspiracy, and combination to restrain trade, by suppressing competition in the relevant market through its continued efforts to refuse to show MLS listings posted by Tom Love Group, thereby preventing competition from the relevant markets.

15. Americana Group's conduct was intended to suppress rather than promote competition on the merits.

16. Americana Group's conduct has impeded the sale of real estate, and deprived potential third-party customers the opportunity to view and purchase Tom Love Group's listings.

17. As a direct and proximate cause of Americana Group's unlawful, anti-competitive conduct, Tom Love Group has been injured, resulting in substantial damages.

18. Plaintiff continues to suffer and will suffer this injury in the future because of Defendant's commitment to ongoing conspiring efforts.

3

19. The injury suffered by the Plaintiff, Tom Love Group, is the type the antitrust laws were designed to prevent and flows from Defendant's unlawful conduct.

### SECOND CAUSE OF ACTION
(Monopolization, Attempted Monopolization and Conspiracy to Monopolize, Sherman Act, Section 2, 15 U.S.C. §2)

20. Tom Love Group repeats and realleges the preceding paragraphs as if set forth herein.

21. During the relevant period and continuing, Americana Group has willfully and unlawfully attempted to, and conspired to monopolize through its continued efforts to suppress competition in the relevant market by refusing to show MLS listings posted by Tom Love Group, thereby preventing competition from the relevant markets.

22. Americana Group's conduct was intended to suppress rather than promote competition on the merits, and it has had precisely the intended effect. Americana Group has a specific intent to conspire to monopolize and actually monopolize the market and has taken affirmative exclusionary steps in furtherance of their attempt to monopolize the relevant market.

23. Americana Group's conduct was intended to suppress rather than promote competition on the merits.

24. Americana Group's conduct has impeded the sale of real estate, and deprived potential third-party customers the opportunity to view and purchase Tom Love Group's listings.

25. As a direct and proximate cause of Americana Group's unlawful, anti-competitive conduct, Tom Love Group has been injured, resulting in damages.

26. Plaintiff continues to suffer and will suffer this injury in the future because of Defendant's commitment to ongoing conspiring efforts.

27. The injury suffered by the Plaintiff, Tom Love Group, is the type the antitrust laws were designed to prevent and flows from Defendant's unlawful conduct.

///

///

KB/20599

## THIRD CAUSE OF ACTION

### (Contract, Combination, and Conspiracy In Restraint of Trade NEV. REV. STAT. §§598A.060 and 598A.210)

28. Tom Love Group repeats and realleges the preceding paragraphs as if fully set forth herein.

29. Americana Group has violated the Nevada Unfair Trade Practices Act by monopolizing, attempting to monopolize and/or conspiring to monopolize the sale of real estate within the relevant product and geographic markets as outlined above.

30. Americana Group's conduct has directly or indirectly damaged Tom Love Group in an amount to be proven at trial, and Tom Love Group shall recover treble damages, attorney fees and costs.

## FOURTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

31. Tom Love Group repeats and realleges the preceding paragraphs as if fully set forth herein.

32. A prospective contractual relationship exists or existed between Tom Love Group and potential third-party purchasers.

33. Americana Group knew of this prospective relationship between Tom Love Group and potential third-party purchasers.

34. Americana Group intended to harm Tom Love Group by illegally preventing the relationship.

35. Americana Group had no privilege or justification for its actions.

36. Americana Group's conduct resulted in actual harm to Tom Love Group.

///

///

///

KB/20599

**WHEREFORE**, Plaintiff Tom Love Group requests judgment as set forth below:

37. Judgment on all counts in favor of Plaintiff and against Defendant;
38. An injunction to enjoin and restrain the Defendant from engaging in any of the illegal conduct identified in the Complaint;
39. For treble damages, pursuant to NEV. REV. STAT. §§598A.060, 598A.210, in an amount to be determined at trial;
40. For compensation for damage to business interests;
41. For punitive damages;
42. Reasonable attorney's fees and costs incurred herein;
43. For such other and further relief as deemed proper by this Court.

DATED this 16th day of July, 2013.

ALVERSON, TAYLOR,
MORTENSEN, & SANDERS

KURT R. BONDS, ESQ.
Nevada Bar #6228
SEAN FORBUSH, ESQ.
Nevada Bar #12741
7401 W. Charleston Blvd.
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
Attorneys for Plaintiffs

N:\kurt.grp\CLIENTS\20598\20599\Pleading\Complaint.doc

6

KB/20599

**EXHIBIT 2**

Electronically Filed
07/25/2013 08:11:21 AM

CLERK OF THE COURT

1  ALVERSON, TAYLOR,
2  MORTENSEN & SANDERS
   KURT R. BONDS, ESQ.
3  Nevada Bar #6228
   SEAN FORBUSH, ESQ.
4  Nevada Bar #12741
   7401 W. Charleston Boulevard
5  Las Vegas, NV 89117
   (702) 384-7000
6  efile@alversontaylor.com
7  Attorneys for Plaintiffs

8                        DISTRICT COURT
                    CLARK COUNTY, NEVADA
9

10 TJL GROUP, LLC dba                )   Case No.: A-13-685198-C
11 THE TOM LOVE GROUP                )
                                     )   Dept No.: XXX
12         Plaintiffs,               )
13                                   )
   vs.                               )
14                                   )
   AMERICANA, L.L.C. dba             )
15 AMERICANA GROUP                   )
   DOES I through 10, DOE            )
16 CORPORATIONS I through V,         )
17                                   )
           Defendants.               )
18 _____  )

19                    **AFFIDAVIT OF SERVICE**

# AFFIDAVIT OF SERVICE

State of Nevada          County of Clark          District Court

Case Number: A-13-685198-C   Court Date: 11/13/2013

**Plaintiff:**
TJL Group, LLC dba The Tom Love Group

vs.

**Defendant:**
Americana, L.L.C. dba Americana Group

Received by AM:PM Legal Solutions on the 18th day of July, 2013 at 2:40 pm to be served on Americana, L.L.C. dba Americana Group c/o Darren J. Welsh as Registered Agent, 985 White Dr., Ste. 200, Las Vegas, NV 89119

I, Stanley McGrue, being duly sworn, depose and say that on the 19th day of July, 2013 at 11:10 am, I:

at all times herein, pursuant to NRCP 4(c), was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made and served the within named individual or entity by delivering a true and correct copy of the Summons and Complaint on the date and hour of service endorsed thereon by me, at the aforementioned address; to, Linda D' Agostine (Paralegal), as a person of suitable age and discretion at the above address to receive service of legal process pursuant to NRS 14.020.

Description of Person Served:  Age: 45+,  Sex: F,  Race/Skin Color: Caucasian,  Height: 5'6,  Weight: 135,  Hair: Black,  Glasses: N

Subscribed and Sworn to me on the 22nd day of July, 2013.

NOTARY PUBLIC

KATIE VESCO
Notary Public State of Nevada
No: 04-93045
My appt. exp. Nov. 24, 2016

Stanley McGrue
NV License 1190

AM:PM Legal Solutions
520 S. 7th St., Ste. B
Las Vegas, NV 89101
(702) 385-2676

Our Job Serial Number: AMP-2013003215
Ref: 20599